UNITED STATES DISTRICT COURT	SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| PETROCONSULTANTS, S.A., | § | |
| INFORMATION HANDLING SERVICES, | § | |
| INC., and | § | |
| TGS NOPEC GEOPHYSICAL COMPANY, L.P. | § | |
| | § | |
| Plaintiffs, | § | |
| versus | § | CIVIL ACTION H-06-3573 |
| | § | |
| WILLIAM DEVINE, and | § | |
| CONCESSIONS INTERNATIONAL, INC. | § | |
| | § | |
| Defendants. | § | |

# Opinion on Summary Judgment

1.  *Background.*

TGS Nopec Geophysical Company, L.P., entered into a consulting agreement with Concessions International, Inc. This agreement allowed Concessions to have access to confidential data that had been licensed to TGS by Petroconsultants, S.A., and Information Handling Services, Inc. Under the agreement, Concessions could not share the data with third parties or continue to use it after the agreement had ended.

In March 2005, TGS terminated the contract. Without authorization, Concessions continued to use the Petroconsultants database and download data and reports. Concessions also marketed the data on its website and attempted to sell it to Petroconsultants' clients. The data, including maps and geological sections, contained Petroconsultants' and IHS' trademarks.

In July 2006, Concessions' access to the database was terminated, and Petroconsultants demanded the return of the materials that had been removed from the database, but Concessions continued to market the data and incorporate it into its site.

2.  *Analysis.*

Petroconsultants claims Concessions misappropriated its trade secrets and confidential information. Petroconsultants must show that Concessions acquired a trade secret by breach of a confidential relationship or other improper means and used the trade secret without authorization. *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 467 (5th Cir. 2003). Concessions breached its confidential relationship with TGS and Petroconsultants when it continued to access the database after the agreement had been terminated – becoming a trespasser. Without

authorization, Concessions downloaded Petroconsultants' valuable property and attempted to sell the data for its own gain. Concessions did, therefore, misappropriate Petroconsultants' proprietary information.

Concessions is also liable for trademark infringement based on its use of Petroconsultants' name to market the data. 15 U.S.C. § 1125(a) (2006). The materials it attempted to sell contained Petroconsultants' and IHS' names, trademarks, and logos. This use of the trademark was likely to confuse Concessions' affiliation with Petroconsultants and TGS. Concessions is, therefore, liable for trademark infringement.

3. *Conclusion.*
   a. Concessions International is liable for misappropriation of trade secrets and trademark infringement.
   b. Concessions International Inc. and its president William Devine may not use, directly or indirectly, the confidential information owned by or acquired from Petroconsultants and its licensees.
   c. Concessions International Inc. and its president William Devine must deliver the objects and data files bearing Petroconsultants' or its licensees' names and remove Petroconsultants' data from its website.
   d. Costs are assessed against William Devine and Concessions International, Inc.

Signed June 28, 2007, at Houston, Texas.

Lynn N. Hughes
United States District Judge